**Lavonne LANGSTON, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Defendant–Appellee.**

No. 01–17539.

D.C. No. CV–01–591–EDL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.\*

Decided Feb. 27, 2003.

\*\* Honorable Norma Shapiro, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK, Chief District Judge.[**]

## MEMORANDUM[***]

Lavonne Langston ("Langston") appeals the district court's grant of summary judgment in favor of the Commissioner on her appeal of the Social Security Administration's ("SSA") denial of her application for social security benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's decision upholding the Commissioner's denial of

benefits. *E.g., Moore v. Comm'r of Social Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Id.* Substantial evidence is more than a "mere scintilla," but less than a preponderance. *See Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Commissioner. *Id.*

Langston contends that the ALJ did not make the proper factual findings in support of his conclusion, at step four of the five-part sequential inquiry, that Langston was not disabled because she retained the residual functional capacity ("RFC") to return to her former occupation. Although the claimant bears the burden of establishing that she cannot return to her former work, the Social Security regulations require that the ALJ's decision, "[i]n finding that an individual has the capacity to perform a past relevant job," contain the following findings:

1. A finding of fact as to the individuals' RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

S.S.R. 82–62. Langston is correct that the ALJ's decision fails to make the required finding with regard to the mental demands of her past occupation. The ALJ considered only the physical demands of her former occupation, and the decision stated

[**] The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

only that her work as a collection agent is "usually performed at the 'light' exertional level." The ALJ's conclusion that the demands of the job are "consistent with the claimant's [RFC] described above," does not address the occupation's mental demands. Accordingly, we remand to the district court with instructions to remand the case to the ALJ to establish the mental demands of Langston's former occupation and then to determine whether Langston can perform this job in light of her mental impairments. We note that, once the ALJ has conducted the inquiry necessary to make these findings of fact, it may become necessary to decide whether she can perform other jobs in the national economy.

**REVERSED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.