Michael MASON, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 01–35889.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 3, 2003.*

Decided March 26, 2003.

BEFORE: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM **

We AFFIRM the judgment of the district court with respect to the administrative law judge's step three determination but REVERSE as to the ALJ's determination at step four. We REMAND to the Commissioner for further proceedings.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

█ Substantial evidence supports the ALJ's step three determination that Mason's severe impairments do not meet or equal a listed impairment. The ALJ's failure to address the combined effects of Mason's impairments is not reversible error because Mason has failed to suggest how a combination of his impairments meets or equals a listed impairment. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.2001). Moreover, the ALJ did not abuse his discretion in declining to seek additional advice from a medical expert on the combined effects of Mason's impairments.

█ The evidence in the record, however, is insufficient to sustain the ALJ's step four determination that Mason was not disabled because he had the residual functional capacity ("RFC") to perform his past relevant work. The ALJ erred in disbelieving Mason's statements concerning his impairments and in disregarding lay testimony. The ALJ also erred in several respects in evaluating Mason's RFC: he failed (1) to assess whether Mason is capable of working on a regular and continuing basis, (2) to address medical evidence relevant to Mason's RFC and (3) to develop the record adequately before making his determination.

Although the ALJ provided specific reasons for rejecting Mason's subjective pain testimony, these reasons were not "clear and convincing," as required given that there is no affirmative evidence of malingering. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1996). We agree that the ALJ could consider the medical testimony when he assessed Mason's ability to work. That does cast some light upon Mason's claim of disabling pain. *See Rollins v. Massanari,* 261 F.3d 853, 856–57 (9th Cir.2001). But, of course, that alone is not sufficient to discount his claim of what we have called "excess pain" in its entirety. *See id.* The ALJ pointed to more.

He mentioned Mason's tendency to abuse pain medications, but it is not at all clear from the record that Mason intentionally overstated his pain in order to obtain medications. Moreover, it is not even clear that his possible abuse of those medications did, by itself, affect his ability to work. Indeed, one of his lay witnesses—his girlfriend—specifically indicated that he did not have "negative side effects" from his medications. She had known him for 16 years, and saw him daily for the last two.

The ALJ also noted that Mason had, unsuccessfully, performed some work during the relevant period, but did not explain how that demonstrates that Mason can successfully work. *See Lester,* 81 F.3d at 833–34. Moreover, although Mason does do some work about the house and can groom himself, the ALJ did not appear to take account of Mason's girlfriend's statement that he does precious little and that she does the laundry, dusting, vacuuming, trash removal and the cooking (he just warms up meals). Moreover, she generally does the cleaning up after cooking (he does it "sometimes"). The ALJ did not make clear why Mason's limited activities in those regards show that he could maintain employment. Of course, Mason's father did say that Mason could push a lawnmower about for 30 minutes at a time, which is not an inconsiderable task, even if the blades are powered by a motor, but that alone does not seem to indicate that Mason could maintain a job in light of the fact that he then had to rest for 15 or 20 minutes, and in light of the limitations pointed out by the girlfriend, who sees Mason quite frequently. It is not clear why the ALJ rejected her testimony. Similarly, it is not clear why the ALJ rejected her evidence that Mason's medi-

cation did not appear to affect him adversely. In short, the ALJ simply did not adequately explain why he was rejecting the lay witness testimony, but he must do so. *See Schneider v. Comm'r,* 223 F.3d 968, 974–76 (9th Cir.2000).

■ The ALJ also erred in several respects in evaluating Mason's RFC. First, the ALJ failed to assess whether Mason is capable of working on a "regular and continuing basis," which "means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p; *see Lewis,* 236 F.3d at 516; *Reddick v. Chater,* 157 F.3d 715, 724 (9th Cir.1998).

Second, the ALJ erred in failing adequately to explain his reasoning at step four. The ALJ's decision does not address the medical evidence, making it difficult for this court to engage in meaningful review. *See Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir.2001) (reversing and remanding in part because the ALJ's "very few findings" and heavy reliance on the conclusions of the vocational expert made it difficult for the court to review the ALJ's decision). The ALJ seems to reject without comment Dr. Powell's assessment of Mason's ability to work. The ALJ also makes no mention of the psychological limitations reported by the state's non-treating physician, Dr. LeBray.

Finally, the ALJ erred in failing to develop the record adequately before making his RFC determination. "In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001); *see Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996). That duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes,* 276

F.3d at 459–60. Here, the record was inadequate to allow for proper evaluation of Mason's RFC. For example, the record is devoid of any medical source statement from a treating physician regarding Mason's *physical* capabilities. It appears that the ALJ never requested such statements. Dr. Berselli provided no such statement after examining Mason in September 1996. Although the lack of a medical source statement from a treating physician does not necessarily make the record incomplete, see 20 C.F.R. § 416.913(b)(6), when the evidence does not clearly establish the effects of the claimant's impairments on his ability to work, the ALJ has a duty to develop the record further.

For the reasons stated above, we remand to the Commissioner for a reevaluation of Mason's claim at step four. Costs are awarded to plaintiff-appellant.

**AFFIRMED in part, REVERSED in part and REMANDED.**