**Larry BURT, Plaintiff—Appellant,**

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 01–36005.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2003.*

Decided April 9, 2003.

BEFORE: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM **

We have considered all of Burt's challenges to the disposition of his case, and we conclude that only one–the ALJ's rejection, without further investigation, of Dr. Stevens' opinion that Burt would "probably" have missed more than four days of work in the average month if he had attempted to work full time over the prior 12 months–constitutes reversible error. The ALJ's statement that he gave no weight to Dr. Stevens' opinion because it was "mere speculation about a matter that is governed in large part by a worker's motivation" is not supported by substantial evidence and does not justify rejecting the opinion without further investigation. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996); *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996). "[T]he ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001). Here, the evidence of the number of days that Burt could work was

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

crucial to Burt's disability determination, because the VE testified that if Burt missed four or more days per month there would be no jobs available to him. In this circumstance the ALJ had an obligation to investigate further into the basis for Dr. Stevens' opinion, and we remand to give the Commissioner the opportunity to do so. We affirm the judgment of the district court with respect to all other issues. Costs are awarded to Appellant.

**AFFIRMED in part, REVERSED in part and REMANDED.**