Michael R. FARRIS, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 04–35270.

D.C. No. CV 03–5044 FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 9, 2005.

Amy M. Gilbrough, Esq., Elie, Halpern & Associates, PS, Olympia, WA, for Plaintiff—Appellant.

David M. Blume, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant—Appellee.

Before TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Michael Farris appeals from the judgment of the district court, which affirmed

the Commissioner of the Social Security Administration's decision denying his application for disability insurance benefits and Social Security disability benefits. The parties are familiar with the facts so we will not set them out here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the district court with instructions to remand to the Commissioner for further proceedings.

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir.2003). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Id.* Substantial evidence is more than a mere scintilla, but less than a preponderance. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001).

■ We agree with Farris' contention that the Administrative Law Judge ("ALJ") improperly rejected the opinion of Ann Bruce, M.D., his treating psychologist. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (holding that when the ALJ does not adopt the opinion of the treating physician, he must provide "specific and legitimate reasons supported by substantial evidence in the record"). The ALJ disagreed with Bruce's diagnosis because, *inter alia,* it was based on the combined impact of back pain and mental impairment, beyond the range of Bruce's medical specialty, and submitted as an advocate. Our precedent forecloses these bases for discounting Bruce's opinion. *See id.* at 833 (affording treating physician's opinion as to combined impact of claimant's physical and mental limitations special weight, and rejecting contention that physician's opinion of com-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bined limitation was outside the scope of his expertise). In addition, on the present record, substantial evidence does not support the ALJ's conclusion that Dr. Bruce's January 2001 medical report contradicted her progress notes.

Moreover, "the [Commissioner] may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Id.* The Commissioner may introduce evidence of impropriety to discredit a doctor's findings, *see id.;* however, the Commissioner did not introduce such evidence here. Thus, the ALJ's statement that Bruce's opinion should be discounted because it was "submitted as an advocate" is not legitimate.

■ Farris further contends that the ALJ erred in determining that he could return to his past relevant work. We agree that it is not clear from the ALJ's residual functional capacity ("RFC") assessment that Farris could perform his past relevant work as a data entry clerk, security guard, or delivery driver. The ALJ found that Farris had the RFC to "perform light exertional work with the opportunity to sit and stand at will." The Vocational Expert ("VE") testified that a data entry clerk would have to sit for forty-five minutes to an hour at a time and could only enter data sitting down. Furthermore, Farris testified that when he held this position at the Internal Revenue Service, he could only sit thirty-five to forty minutes at a time before he was forced to take a break to relieve the pain. That Farris could remain seated long enough to hold this job is not supported by substantial evidence on this record.

As the Commissioner concedes, the ALJ's decision is unclear as to whether Farris could perform the security guard job. In addition, it is unclear whether the ALJ's finding that Farris could perform the delivery driver job is consistent with her findings that Farris could have "no contact with the general public" or that he required "the opportunity to sit and stand at will."

The ALJ also failed to make necessary findings of fact as to the physical and mental demands of these past jobs. *See* SSR 82–62 (requiring the ALJ's decision to contain specific findings of fact before finding an individual capable of performing a past relevant job). This should be corrected on remand.

We exercise our discretion to remand this case for further proceedings, to allow the ALJ to clarify her findings, and support those findings with substantial evidence in the record, applying the correct legal standards. *See Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990). Because further proceedings are warranted, we reverse and remand to the district court with instructions to remand to the Commissioner for further proceedings properly to evaluate Dr. Bruce's opinion and to reconsider the past relevant work issue.

REVERSED and REMANDED with directions.