Melanie ROCKWOOD, Plaintiff—
Appellant,

v.

COMMISSIONER OF the SOCIAL
SECURITY ADMINISTRATION,
Defendant—Appellee.

No. 05–35693.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 19, 2007.

PMB, West Linn, OR, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Craig J. Casey, Esq. Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., L. Jamala Edwards, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Melanie Rockwood appeals from the district court's judgment affirming the denial by the Commissioner of Health and Human Services of her application for supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 423, 1381–83f. We review a district court's order upholding the denial of SSI benefits *de novo*. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). The Commissioner's decision must be upheld if it was: (1) supported by substantial evidence; and (2) free of legal error. *id.*

Rockwood challenges the ALJ's determination of her residual functional capacity ("RFC"). She argues that the ALJ improperly disregarded medical evidence that she suffered from severe chronic pain caused by a herniated or ruptured disk. Although Rockwood presents the opinion of a treating physician who stated that her symptoms were consistent with a herniated disk, the record contains reports of

by 9th Cir. R. 36–3.

several other physicians who were of the opinion that Rockwood's back injury did not explain her reported symptoms. No physician found that aggressive treatment, such as surgery, was warranted. The record taken as a whole contains substantial medical evidence to support the ALJ's RFC determination. *See Morgan,* 169 F.3d at 599.

■ Rockwood challenges the ALJ's finding that her pain testimony was less than fully credible. The ALJ based his adverse credibility determination on several sources of evidence, including inconsistencies in Rockwood's testimony, her daily activities, testimony provided by lay witnesses, and her failure to complete prescribed treatments. Rockwood offers alternative interpretations of this evidence. However, where the record can support multiple interpretations, it is the ALJ's determination which must be upheld. *See Morgan,* 169 F.3d at 599.

■ Rockwood argues that the ALJ had a duty to explore a psychological basis for her pain. The burden is on the claimant to prove her eligibility for benefits. 42 U.S.C. § 423(d)(5). The ALJ has no duty to develop the record beyond what the claimant presents unless there is "ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001). Here, the record before the ALJ was not ambiguous or inadequate.

■ Finally, Rockwood argues that the ALJ improperly relied on the testimony of the vocational expert ("VE") in finding at step five that Rockwood could perform other jobs in the national economy because the VE deviated from the Dictionary of Occupational Titles. This deviation, however, was not implicated in the VE's finding that Rockwood could perform the job of office helper. Accordingly, any error made by the ALJ in reliance on the VE's testimony was harmless.

We **AFFIRM** the Commissioner's denial of Rockwood's application for SSI disability benefits.