

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TANYA R. SPALLIERO, | No. 09-55732 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00834-RGK-E |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 2, 2010**
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert C. Jones, United States District Judge for the District of Nevada, sitting by designation.

**OVERVIEW**

Appellant Tanya Spalliero (Spalliero) challenges the district court's decision upholding the Commissioner of Social Security's denial of Spalliero's application for additional disability insurance benefits.

1.      The district court  properly granted summary judgment in favor of the Commissioner because the Administrative Law Judge's determination that Spalliero's impairment did not meet or equal the asthma listing was supported by substantial evidence.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 303B.  Spalliero offered no evidence to contravene the medical testimony of the physician who testified at the hearing.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (recognizing the importance of an uncontroverted medical opinion).

2.      The Administrative Law Judge (ALJ) adequately developed the record by providing Spalliero the opportunity to produce medical records to support her claim, and by having a medical expert and vocational expert available to interpret the medical evidence.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001), *as amended*.

**3.** The ALJ sufficiently incorporated Spalliero's limitations into the hypotheticals he presented to the vocational expert. His hypothetical questions to the vocational expert concerning claimant's limitations were expressly based on the testimony of the medical expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 1999) (noting that an ALJ is free to reject restrictions that are not supported by the evidence).

**4.** Although the ALJ was frustrated with Spalliero's counsel, Spalliero did not establish that there was a conflict of interest or other specific indication of bias. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display, do not establish bias." *Id.* (citation and alteration omitted).

**5.** There was no evidence that the record was altered. The ALJ's statements expressing his concern and frustration of Spalliero's representation were set forth in the record.

**AFFIRMED.**

3