**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA M. PIATZ, | No. 10-15943 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02666-JAM-EFB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted June 16, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and SAMMARTINO, District
Judge.[**]

Anna Piatz ("Piatz") appeals the district court's summary judgment in favor

of the Commissioner of Social Security ("Commissioner"). The district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Janis L. Sammartino, United States District Judge for
the Southern District of California, sitting by designation.

affirmed the decision of the Administrative Law Judge ("ALJ") denying Piatz Disability Insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The ALJ concluded, on the basis of step five in the five-step sequential analysis in 20 C.F.R. § 404.1520(a)-(g), that Piatz was not "disabled" within the meaning of the Act, 42 U.S.C. § 1382c(3), because she could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

On appeal, Piatz contends that the ALJ did not take into account evidence diagnosing her specific disabling conditions – fibromyalgia and carpal tunnel syndrome. The ALJ, however, adequately considered the nature of Piatz's health, both with respect to her muscle pain and carpal tunnel syndrome, in determining her residual functional capacity. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

Piatz also contends that the district court erred when it chose not to consider the subsequent ALJ decision awarding benefits to Piatz on a separate application. The 2009 decision issued by ALJ L. Kalei Fong was not material, since it related to a separate application which alleged an onset date four years after the alleged onset date of the disability presented in the present application. *See Mayes v. Massanari*,

276 F.3d 453, 462 (9th Cir. 2001). Thus, the district court correctly held that the

ALJ's decision was supported by substantial evidence.

**AFFIRMED**.