**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE A. THOMPSON, | No. 10-55318 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-03210-GHK-SS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 9, 2011[**]
Pasadena, California

Before: FERNANDEZ and TALLMAN, Circuit Judges, and ROSENTHAL, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Plaintiff-Appellant Steve Thompson ("Thompson") appeals an order and judgment entered by the United States District Court for the Central District of California, adopting a magistrate judge's Report and Recommendation, affirming the final decision of Defendant-Appellee, Michael J. Astrue, Commissioner of Social Security ("Commissioner").[1] The final order of the Commissioner denied Thompson's application for Social Security Disability Insurance Benefits and Supplemental Security Income payments under the Social Security Act for the period of January 1, 1999 through April 30, 2005.[2] Thompson alleges disability due to pain in his neck, right shoulder, and right arm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Substantial evidence supports the Administrative Law Judge's ("ALJ") 2006 finding that Thompson was not disabled from January 1, 1999 through April 30, 2005. 42 U.S.C. § 405(g). The ALJ properly relied on Dr. Cable's opinion to conclude that Thompson was able to perform light work, with certain limitations, during the period in question. Substantial evidence in the record indicates that there were no objective findings to support Thompson's complaints and that Thompson was not suffering from disabling pain during the period in question,

---

[1]    The parties are familiar with the facts so we do not repeat them here.

[2]    This Memorandum Disposition addresses the period of January 1, 1999 through April 30, 2005 ("the period in question") only.

2

given that he sought medical treatment for other conditions in 2003 and 2004, but did not seek treatment for neck and right shoulder pain after 2001. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (The ALJ was entitled to "draw an inference from general lack of medical care" that claimant was not suffering from disabling pain.) (internal citation omitted). Finally, because Dr. Sobol reported no new findings in 2007 regarding the period in question, the district court properly found that no reasonable possibility exists that Dr. Sobol's opinion would have affected the ALJ's decision. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (finding that to justify a remand, evidence must be material, meaning that the new evidence must bear "directly and substantially on the matter in dispute" and the petitioner "must additionally demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing") (internal citation and quotation marks omitted).

The ALJ provided clear and convincing reasons for discounting Thompson's complaints and alleged limitations between January 1, 1999 and April 30, 2005. *See Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990) (An "explicit credibility finding" is required when the "claimant's credibility is a critical factor" in determining whether he is entitled to Social Security benefits.). First, his subjective complaints were not consistent with the treatment he received between

3

February 1, 2001 and May 20, 2005.[3] *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (stating that ALJ properly found that failure to seek consistent treatment is "powerful evidence" regarding the extent to which a claimant is in pain). Second, his subjective complaints were out of proportion to the objective clinical findings of limited functional restrictions. *See generally* 20 CFR § 416.929(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence."). Third, his own testimony was inconsistent. *See Thomas v. Barhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (An ALJ may consider ordinary techniques of credibility evaluation such as claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by claimant that appears less than candid.). And finally, his complaints were inconsistent with his daily activities. *See Fair*, 885 F.2d at 603 (An ALJ may rely on testimony about claimant's daily activities to discredit the allegation of pain.).

---

[3] As the district court stated in its Report and Recommendation, the ALJ misstated the date when Thompson stopped receiving treatment. That occurred on February 1, 2001, not January 1, 2000. However, the ALJ's reasoning is still valid despite the incorrect date.

The ALJ also provided germane reasons for rejecting the lay witness testimony of Thompson's mother, Virginia Thompson. Mrs. Thompson's testimony regarding Thompson's eyesight and his disabling pain was inconsistent with the medical evidence in the record and Thompson's actions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses" and "[i]nconsistency with medical evidence is one such reason.") (internal citation omitted). Further, the ALJ properly discounted Mrs. Thompson's testimony because her failure to know basic information about her son, such as where he lived, adversely impacted her credibility and competency to offer relevant evidence on his limitations.

Finally, the ALJ posed proper hypothetical questions to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) ("An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations."). As the district court found, the functional limitations included in Dr. Sobol's report and Thompson's affidavit do not provide a basis for reversing the ALJ's decision, as the evidence would not have changed the outcome of the ALJ's determination. *Mayes*, 276 F.3d at 462-63.

**AFFIRMED.**