Glenn RITZMA, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant—Appellee.

No. 06–35905.

United States Court of Appeals, Ninth Circuit.

Submitted July 31, 2007.**

Filed May 23, 2008.

---

* Michael J. Astrue is substituted for his predecessor, Jo Anne Barnhart, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**556**

Glenn Ritzma, Everett, WA, pro se.

Thomas Michael Elsberry, Esq., Social Security Administration Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: SKOPIL, FERGUSON, and LEAVY, Circuit Judges.

### MEMORANDUM***

Glenn C. Ritzma appeals *pro se* the district court's decision affirming the Commissioner's denial of Ritzma's application for disability insurance benefits under Title II of the Social Security Act. We review de novo, *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995), and we affirm.

### I.

◼ Ritzma contends we should consider two medical reports showing symptomatic evidence of his idiopathic urticaria prior to the relevant period. Although we do not ordinarily consider such new evi-

dence, *see Mathews v. Weber*, 423 U.S. 261, 263, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), we may remand to the ALJ if the evidence is material and there is good cause for failing to include it in the record. *See* 42 U.S.C. § 405(g). Here, Ritzma's evidence may be material, but he does not establish good cause because he does not explain why he failed to submit the evidence to the ALJ. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir.2001) (denying a claimant's request to submit new evidence when the claimant failed to explain why the new evidence could not have been submitted to the ALJ).

### II.

◼ Ritzma argues the ALJ should have developed the record with respect to the onset date of his urticaria symptoms and his Christian Science treatments. When there is ambiguity or the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to fully and fairly develop the record. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir.2005). Here, nothing suggests the record was either inadequate or ambiguous. Rather, substantial evidence supports the ALJ's finding that the onset date for Ritzma's urticaria occurred after the relevant period. The physicians who observed Ritzma during the relevant period solely treated him for medical problems related to his alcohol withdrawal seizures and none reported that Ritzma suffered from chronic skin problems. Ritzma did not produce any evidence of alternative Christian Scientist treatments that would have required the ALJ to develop the record.

### III.

◼ Ritzma asserts the ALJ erred by not calling a medical expert to assist in

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–p.

interpreting the evidence. The ALJ has such a duty when the onset date of the disability is unclear and must be inferred. *Armstrong v. Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998). In this case, substantial evidence supports the ALJ's finding that Ritzma's onset date was January 28, 2000, because Ritzma's treating physicians reported no previous symptoms of urticaria prior to that date.

### IV.

Ritzma argues the ALJ erred by disregarding lay witness testimony indicating he has needed assistance to walk for the last couple of years. The ALJ evaluated this testimony along with medical reports and concluded that, because the observations were made almost three years after the relevant period, they did not accurately reflect Ritzma's physical condition during the relevant period. Because the ALJ gave specific reasons supported by substantial evidence in the record, the ALJ did not err in disregarding the lay witness testimony.

### V.

Finally, Ritzma contends the ALJ erred by rejecting the testimony of his treating physician indicating he suffered from urticaria during the relevant period. The treating physician never specifically stated, however, on what date he began treatment for Ritzma's urticaria. The physician only stated that treatment for the urticaria started after Ritzma's initial treatments for lower back pain. Because the physician never stated a specific date, the ALJ properly relied on the physician's medical reports, indicating treatment for the urticaria began after the relevant period. Because substantial evidence supports that finding, the ALJ did not err by instructing the vocational expert to consider only whether "occasional flares of this urticaria" would affect Ritzma's employability. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989) (noting hypothetical must set out the limitations and restrictions that are supported by substantial evidence).

**AFFIRMED.**

