NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANNA TWEEDY, | No. 10-17437 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00548-GSA |
| v. | MEMORANDUM* |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted November 29, 2011**
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and EZRA, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Appellant Deanna Tweedy ("Tweedy") appeals the district court's judgment affirming the Social Security Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"). The Administrative Law Judge ("ALJ") concluded that Tweedy was not "disabled" within the meaning of the Act because she could still perform her past relevant work as a teacher's aide. Since the facts are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's decision *de novo*. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). We affirm.

First, the ALJ did not err in determining that Tweedy's alleged hand impairment was "non-severe" because substantial evidence in the record supports a finding that this impairment did not significantly limit her ability to do basic work activities, or had only a "minimal effect" on her ability to perform such activities. *See* 20 C.F.R. § 404.1520(a)(4)(ii), (c); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). In making this determination, the ALJ properly observed that there was no objective medical evidence to substantiate any diagnosis regarding her hands. Additionally, the district court properly concluded that the radiology exam report prepared by Dr. Rohn after the ALJ's decision did not warrant a remand because there was no "reasonable possibility" that this new evidence

2

would have changed the outcome of the administrative hearing. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Next, we find that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinions of treating physician Dr. Anderson and examining physician Dr. Hernandez regarding Tweedy's functional limitations. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (holding that an ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record" for rejecting the contradicted opinion of a treating or examining physician). Accordingly, the ALJ did not err in rejecting those opinions. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.")

Since we conclude that the ALJ's rejection of the limitations assessed by Drs. Anderson and Hernandez was permissible, we likewise conclude that the ALJ did not err in failing to incorporate those limitations into Tweedy's residual functional capacity ("RFC") or the hypothetical posed to the vocational expert. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("The ALJ was not required to incorporate evidence from the opinions of

[claimant]'s treating physicians, which were permissibly discounted."); *see also*

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (holding that

a hypothetical that excluded limitations outside of the RFC was not incomplete);

*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals

posed to a vocational expert, the ALJ must only include those limitations supported

by substantial evidence.").

Finally, the ALJ did not err in concluding that Tweedy was capable of

performing her past relevant work as a teacher's aide.  A claimant is not disabled

under the Act if she can perform her past relevant work either as actually

performed *or* as generally performed in the national economy.  SSR 82-61; *Pinto v.*

*Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  Since the ALJ's conclusion

regarding her previous work, as actually performed, is supported by substantial

evidence in the record, the Court need not address Tweedy's argument regarding

the DOT, which relates to the determination of how a job is generally performed in

the national economy.[1]  *See* SSR 82-61 ("The [DOT] descriptions can be relied

upon–for jobs that are listed in the DOT–to define the job as it is usually performed

in the national economy.").

---

[1]Indeed, the ALJ did not make any conclusions regarding Tweedy's past
relevant work as generally performed in the national economy.

4

**AFFIRMED.**