**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD CARTER,<br><br>                     Plaintiff - Appellant,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security,<br><br>                     Defendant - Appellee. | No. 11-35170<br><br>D.C. No. 2:10-cv-00999-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted March 6, 2012[**]
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, District Judge for the U.S. District Court for Northern Ohio, sitting by designation.

Appellant Leonard Carter appeals the district court's judgment upholding the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. We review de novo a district court's judgment affirming the denial of social security benefits, and we affirm.

## I

The ALJ gave specific and legitimate reasons for discounting Dr. James Czysz's opinion in 2008 that Carter experienced significant decompensation, low global functioning, and compromised interpersonal resilience. The ALJ noted that Dr. Czysz's tests revealed that Carter's cognitive functioning was within normal limits, and that his treatment notes indicated that Carter's social difficulty with redirection improved with each encounter. Such a discrepancy between a doctor's opinion and his other records constitutes a "clear and convincing reason for not relying on the doctor's opinion." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ properly discounted Dr. Czysz's opinion on the basis that it was unsupported by contemporaneous objective evidence. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

## II

The ALJ gave clear and convincing reasons for discrediting Carter. First, the ALJ observed that Carter made several admissions that contradicted his asserted disability. Notably, Carter told Dr. Breen that (1) he was fired from the Seattle Times because of racial issues, not because of any inability to perform his work; (2) that if he had not been let go, he would have continued working; and (3) that if he could relocate back to San Francisco, he "could get a job as a telemarketer." This evidence contradicts Carter's assertion that he is unable to work because of interpersonal difficulties. Such "internal contradictions" in the claimant's testimony constitute a legitimate reason to disbelieve his testimony. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Second, the ALJ properly reasoned that Carter's prior conviction for welfare fraud "casts doubt on [his] motivation to truthfully report." *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Third, the ALJ discounted Carter's testimony because it was not corroborated by medical evidence. The ALJ stated that despite Carter's descriptions of "severe pain," Dr. Wainstein observed that "claimant sat throughout the interview without changing positions[,] did not appear to be in any distress," and exhibited no physical limitations except in his ankles. This inconsistency between the claimant's asserted symptoms and his abilities during an exam

3

constitutes a specific and legitimate basis for a negative credibility determination. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Fourth, the ALJ reasonably pointed out that Carter did not engage in treatment commensurate to his alleged physical and mental symptoms. We have held that lack of treatment is a legitimate reason to discredit the claimant. *Burch*, 400 F.3d at 681.

Fifth, the ALJ concluded that Carter's credibility was undermined by the fact that he worked part-time for nearly another year after his alleged disability onset date of March 22, 2005.[1] "[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings relating to those findings." *Id.* (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Here, the fact that Carter continued working past his alleged onset date forms a valid basis for doubting his veracity.

To conclude, the ALJ made specific findings identifying conflicts between Carter's testimony and the medical evidence, internal contradictions in his

---

[1] On appeal, Carter revises his onset date to February 2006. Even so, this does not change the fact that he represented to the Social Security Administration that he was disabled during a lengthy period in which he was working. In any event, because the ALJ was not apprised of this revised onset date, his credibility concern was reasonable.

testimony, conflicts between his conduct and his alleged disability, and his past untruthfulness. We hold that these are clear and convincing reasons for discrediting Carter's testimony.

### III

The ALJ did not err in rejecting the lay testimony of vocational counselor John Shiels, who opined that Carter's leg pain, depression, and mental health challenges were "severe barriers to employment." The ALJ provided a specific and germane reason for rejecting Shiels' opinion by explaining that "this comment is not supported by the record as thoroughly discussed above." The ALJ's summary of the record identified medical evidence that contradicts Shiels' opinion. First, Dr. Wainstein concluded that Carter's alleged leg pain would not prevent him from sitting or from tolerating six hours of standing and walking. Second, although Dr. Breen diagnosed Carter with "adjustment reaction with depressed mood," he reported that Carter "acknowledges that he could work in a similar position, if there were other opportunities." And while Dr. Breen also diagnosed Carter with "schizoid personality," he concluded that this "did not directly impact [Carter's] ability to remain employed." Third, the ALJ's reasons for discounting Dr. Czysz's opinion regarding Carter's interpersonal difficulties likewise justify rejecting Shiels' view about Carter's "mental health challenges." We have held

that inconsistency with medical evidence is a germane reason to reject lay testimony. *Bayliss*, 427 F.3d at 1218. Given the numerous discrepancies between Shiels' opinion and the medical record, the ALJ properly rejected the lay testimony for a germane reason supported by substantial evidence.

Finally, the ALJ was not obligated to recontact Shiels. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150)). Shiels' opinion was not ambiguous. Nor was the record inadequate for the ALJ to properly evaluate the evidence. After requesting a clarifying opinion from Dr. Czysz in 2008, "[t]he ALJ, with support in the record, found the evidence adequate to make a determination regarding [Carter's] disability." *Bayliss*, 427 F.3d at 1217. Accordingly, the ALJ did not have a duty to further develop the record.

The ALJ did not err and his decision to deny Carter benefits is supported by substantial evidence. Accordingly, the judgment of the district court is

**AFFIRMED.**