**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS S. ANDRADE,

 Plaintiff - Appellant,

 v.

COMMISSIONER OF SOCIAL
SECURITY,

 Defendant - Appellee.

No. 11-16633

D.C. No. 1:09-cv-01926-GSA

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted July 16, 2012**
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

 Thomas Andrade appeals a judgment of the district court affirming the

Commissioner of Social Security's denial of his applications for disability

---

 \* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's judgment upholding the denial of social security benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Mary McDonald, Ph.D., performed a psychological evaluation of Andrade which included the Performance portion of the Wechsler Adult Intelligence Scale. Andrade achieved a Performance IQ of 72, indicating borderline intellectual functioning. In Dr. McDonald's view, this was consistent with her evaluation as a whole, including the other standard testing she administered and Andrade's history and presentation in a clinical interview and mental status evaluation. Dr. McDonald concluded that Andrade had significant cognitive and memory deficits, but functioned in the borderline range of intellectual functioning and could engage in simple work. She assessed Andrade's global functioning to be only mildly impaired. The ALJ found Dr. McDonald's opinion consistent with the record as a whole and assessed Andrade with the residual functional capacity to perform a range of light work, limited by his mental impairments to simple routine work.

Andrade contends the ALJ failed fully to develop the record regarding his mental impairments because he relied on an incomplete evaluation by Dr. McDonald. Andrade contends the ALJ should have obtained Verbal IQ and Full Scale IQ scores to determine whether Andrade was mentally retarded.

After assisting to develop the record through appropriate means, an ALJ's duty to conduct further inquiry is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The psychological experts who reviewed Andrade's treatment and examination records did not suggest that Dr. McDonald's evaluation was ambiguous, inconsistent with the record as a whole, or inadequate in any respect. Nor did they suggest that further testing would be useful.

The ALJ did not find the evidence of Andrade's mental impairments inadequate to assess his residual functional capacity and make a determination as to whether he is disabled. The ALJ weighed the evidence of Andrade's illiteracy, limited education, and work history of unskilled labor together with Dr. McDonald's report. The evidence provided an adequate basis for the ALJ's determination. Because the evidence was not ambiguous or inadequate, the ALJ had no duty to inquire further regarding Andrade's mental impairments. *Mayes*,

276 F.3d at 459-60; *Tonapetyan*, 242 F.3d at 1150.  Even if the evidence reasonably could be construed in a manner more favorable to Andrade, the ALJ's interpretation is rational and must be upheld.  *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

Andrade's remaining contentions are unpersuasive.

The ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record as a whole.  Accordingly, the judgment of the district court is **AFFIRMED.**