**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ATSU OSSA ACOLATSE,

   Plaintiff - Appellant,

 v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

   Defendant - Appellee.

No. 11-17563

D.C. No. 5:10-cv-02024-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted October 26, 2012[**]

Before:  HUG, FARRIS, and LEAVY, Circuit Judges.

  Atsu Acolatse appeals *pro se* from a judgment of the district court affirming

the Commissioner of Social Security's denial of his application for disability

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's judgment upholding the denial of social security benefits.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Acolatse failed to satisfy his burden of proving that his condition met or equaled the regulatory criteria for section 6.02 of the Listing of Impairments, before his insured status expired in December 1997.  *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); 20 C.F.R. § 404.1526.

The ALJ made specific findings based on substantial evidence and clear and convincing reasoning in determining that Acolatse's subjective statements concerning the intensity, persistence, and limiting effects of his symptoms before December 31, 1997, were not entirely credible.  *Tommasetti*, 533 F.3d at 1039; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ found Acolatse's subjective statements inconsistent with his conservative treatment history, clinical findings showing his kidney insufficiency was mild

during the relevant time, and exercise testing showing he was capable of light exertion.

The ALJ made findings based on substantial evidence setting forth clear and convincing reasons for the weight he attributed to the medical opinions. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ discounted Dr. Pomenya's opinion that Acolatse was disabled before December 1997, because Dr. Pomenya treated Acolatse conservatively, did not give his opinion until 2005, and had no records from the relevant time. The ALJ discounted Dr. Lin's opinion that Acolatse could have been disabled before 1997, because Dr. Lin did not treat Acolatse until 2004 and her opinion was speculative, unsupported by records, and inconsistent with clinical findings showing minor renal insufficiency and good exercise tolerance. The ALJ discounted the opinion of the Ghanaian traditional healer for the same reasons, and because he was not shown to be an acceptable medical source within the meaning of the regulations. The ALJ gave greater weight to the opinion of the medical expert who reviewed the entire record and concluded the laboratory test results, conservative treatment, and exercise tests indicated that Acolatse retained the capacity for light exertion during the relevant time. The ALJ's findings set forth clear and convincing reasons and are supported by substantial evidence. *Thomas*, 278 F.3d at 956-57.

Acolatse is not entitled to a remand for consideration of new evidence. He has failed to show that the new evidence is material or that there is good cause for his failure to incorporate it into the record during the administrative proceedings. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462-63 (9th Cir. 2001).

We reject Acolatse's contention that the district court was biased.

**AFFIRMED.**

11-17563