**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARVALEE J. SINGLETON, | No. 13-36119 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-00003-DLC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted March 7, 2016
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and SAMMARTINO,[**]
District Judge.

**1.** Substantial evidence supports the Administrative Law Judge's (ALJ's)

conclusion that Marvalee Singleton's carpal tunnel syndrome was not a severe

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Janis L. Sammartino, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

impairment. Other than a single treatment note documenting Singleton's complaint of numbness and swelling, there is no evidence in the record that Singleton's ability to use her hands is limited in any way. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1164–65 (9th Cir. 2008). The ALJ thus permissibly omitted the limitations stemming from Singleton's alleged carpal tunnel syndrome from his assessment of her residual functional capacity. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**2.** However, substantial evidence does not support the ALJ's decision to give little weight to Dr. Norum's opinion regarding the severity of Singleton's limitations caused by her back impairments. As Singleton's treating physician, Dr. Norum was able to provide a "longitudinal picture" of Singleton's condition and offer a "unique perspective" that could not be obtained from other sources. *See* 20 C.F.R. § 404.1527(c)(2). Ordinarily, the opinion of a treating physician is given controlling weight by the ALJ unless it is unsupported by diagnostic evidence or inconsistent with the record as a whole. Even then, the ALJ is required to take into consideration multiple factors, including the length and extent of the treatment relationship, when determining how much weight to give the opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1202–03, 1205 (9th Cir. 2001).

Here, the ALJ erred in finding that Dr. Norum's evaluation was unsupported by diagnostic evidence. In addition to years of treatment notes, Dr. Norum reviewed an MRI from May 24, 2010, which indicated that Singleton suffers from multiple impairments, including advanced bilateral foraminal stenosis. The MRI also indicated that Singleton's condition had progressed since her last MRI. The ALJ should have considered the fact that, in addition to having extensive first-hand knowledge as Singleton's treating physician, Dr. Norum also had the benefit of the medical findings from the 2010 MRI that the reviewing physicians did not. Because this error cannot be considered inconsequential, *see Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004), we remand for additional consideration of the weight to be given to Dr. Norum's evaluation as compared to the evaluations of the reviewing physicians. To the extent the ALJ found inconsistences between Dr. Norum's evaluation of Singleton's physical limitations and her evaluation of Singleton's ability to perform daily living activities, the ALJ should seek clarification from Dr. Norum. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

**3.** On remand, the ALJ should also reevaluate the finding that Singleton's testimony regarding her symptoms and limitations was not fully credible. The ALJ erred to the extent that he relied on the fact that Singleton could complete tasks of

limited duration—such as grocery shopping, making the bed, and folding clothes—as evidence that Singleton's impairments were not as severe as she claimed. These activities were not inconsistent with Singleton's testimony regarding her standing, sitting, walking, and postural limitations in a workplace setting. *See Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001). Additionally, the ALJ should reconsider the weight to be given the lay testimony regarding Singleton's limitations. The ALJ appeared to discount that testimony as "incompetent" simply because the individuals had no medical training, but that of course will always be true of lay testimony. And given our conclusions above, the ALJ should reevaluate whether the lay testimony was actually inconsistent with the available medical evidence, particularly the 2010 MRI.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

Costs are awarded to the Plaintiff - Appellant.