**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD ALLEN THORSNES, | No. 13-36096 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05229-MAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted August 30, 2016[**]
Seattle, Washington

Before: GOODWIN, SCHROEDER, and McKEOWN, Circuit Judges.

Richard Allen Thorsnes appeals the district court's decision affirming the

Commissioner of the Social Security Administration's ("SSA") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for Social Security Disability Insurance benefits for the period of March 2009 through January 2011. Because the administrative law judge ("ALJ") properly weighed the evidence to determine that Thorsnes was not disabled prior to his 55th birthday under the terms of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3), we affirm.

We review the ALJ's findings of fact for substantial evidence in the record and the district court's decision de novo. *Mayes v. Massanari*, 276 F.3d 453, 458–59 (9th Cir. 2001). The excerpts of record in this case are sealed, so our disposition does not repeat the facts, which are known to the parties.

The SSA applies a five-step analysis to determine whether an applicant is disabled. 20 C.F.R. § 404.1520(a). Steps one through three are not contested in this case. Before moving to step four, the ALJ must determine the applicant's residual functional capacity. *Id*. at §404.1520(e). Thorsnes challenges the ALJ's determination of his residual functional capacity based on the medical evidence. The record shows that the ALJ carefully analyzed and weighed all of the evidence, drawing conclusions that were supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012) ("Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Even when the evidence is susceptible to more than one rational

interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." (internal citations and quotation marks omitted)).

Thorsnes argues that the ALJ ignored the testimony of lay witnesses regarding the effect of pain on his residual capacity. However, "[a]n ALJ need only give germane reasons for discrediting the testimony of lay witnesses [and] [i]nconsistency with medical evidence is one such reason." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). The ALJ properly explained that after considering the lay evidence, he gave it only partial weight in light of countervailing medical evidence.

The ALJ's decision to disregard Thorsnes's statements about the effect of pain on his residual capacity was also supported by substantial evidence. "If the ALJ finds that the claimant's testimony as to the severity of [his] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Here, the ALJ noted Thorsnes's contradictory statements regarding his activity level and pain, as well as the medical evidence regarding his capacity, concluding that Thorsnes was only partially credible on the issue of pain

3

levels.  This conclusion was supported by substantial evidence.  *See id.* at 959 ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing.").

Thorsnes also contests the ALJ's conclusion, under step five, that jobs existed in significant numbers in the national economy that Thorsnes could have performed.  The ALJ's hypothetical question to the vocational expert ("VE") was an accurate description of Thorsnes's residual function, and the ALJ did not err in relying on the VE's testimony regarding available jobs.  *See Bayliss*, 427 F.3d at 1218 ("An ALJ may take administrative notice of any reliable job information, including information provided by a VE.").  Nor did the ALJ err in considering the State of Washington as the relevant region.  *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527 (9th Cir. 2014) (ALJ did not err by considering the entire State of California as the relevant region under step five).

**AFFIRMED.**