NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LASCHELLE PATTON, | No. 23-35073 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00050-TOR |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 9, 2024**
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Laschelle Patton appeals from a district court decision affirming the

Commissioner of Social Security's denial of her application for Social Security

disability benefits. "We 'review the district court's order affirming the ALJ's denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence.'" *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ did not err in discrediting the findings of Patton's examining psychologist. Because Patton filed her benefits claim after March 27, 2017, the ALJ was required to evaluate her medical opinion evidence under 20 C.F.R. § 404.1520c. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under these rules, "'[t]he most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Id.* at 791 (quoting 20 C.F.R. § 404.1520c(a)). But "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787. And the ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

Here, there was a conflict between the conclusions of Patton's psychologist, who found that Patton suffered mostly marked impairments, and the conclusions of two state psychologists, who found only moderate impairments. Substantial

evidence supports the ALJ's decision to credit the findings of the state's psychologists over the findings of Patton's psychologist. The ALJ explained that Patton's psychologist reviewed less evidence than the other psychologists and determined that her first-hand observations contradicted her own conclusions, which appeared to be based largely on Patton's self-reported symptoms. Substantial evidence supports this reasoning. *See id.* at 1154.

2. Patton's challenge to the ALJ's step two determination fails. The ALJ ruled in favor of Patton at step two, and the ultimate disability determination did not turn on the ALJ's determination that Patton's bipolar disorder was not a severe and medically determinable impairment because the ALJ considered all of Patton's limitations when assessing her residual functional capacity and reaching a disability determination. Because "all impairments were taken into account," any error at step two was "harmless." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

3. The ALJ did not violate due process by not calling a medical expert at the hearing. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The findings of the state psychologists were thorough and thus adequate for the ALJ to determine that Patton did not have any marked impairment, and they did not create ambiguity sufficient to trigger the ALJ's duty to further develop the

3

record.  Even if there were a duty, Patton's counsel did not clearly request a medical expert at the hearing and did not object when the ALJ stated that he did not plan to call the medical expert.  For all of these same reasons, the ALJ did not err at step three, nor has Patton established any other error in the ALJ's step three determination.

4.  The ALJ gave "specific, clear and convincing reasons" for discounting Patton's testimony about the severity of her symptoms.  *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).  The ALJ explained that Patton's self-reported symptoms were inconsistent with "actual presentation to providers."  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").  The ALJ pointed to Patton's psychologist's opinion that Patton's ability to understand simple instructions was "unimpaired," that Patton's thought processes were "moderately intact, goal oriented, and organized," that Patton had "no comprehension deficit in understanding oral instructions" and "only mild difficulty with understanding and completing multi-stage, complex instructions," and that Patton could recall key pieces of information.  The ALJ also noted that Patton's psychologist described Patton as "cooperative and pleasant," without any inappropriate displays of emotion. Patton's reported daily activities also suggested

4

"some ability to respond to demands, adapt to changes, make plans independently of others, and take appropriate precautions."  As such, the ALJ provided specific, clear and convincing reasons to conclude that Patton's symptoms did not rise to the level of severity to which she otherwise testified.  *See Smith*, 14 F.4th at 1112.

5.   For the same reasons that substantial evidence supports the ALJ's determination regarding Patton's level of impairment, substantial evidence also supports the ALJ's determination that Patton has the residual functioning capacity to perform past relevant work and other work that exists in the national economy.

**AFFIRMED.**