NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINNIE MOORE, | No. 11-16346 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01582-GSA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted December 6, 2012[**]
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, District Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]Appellant waived oral argument, without objection from the Commissioner, and the panel unanimously agrees that submission without oral argument is appropriate. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Minnie Moore appeals the district court's judgment affirming the Commissioner of Social Security's decision finding her not eligible for disability and supplemental security income benefits prior to November 18, 2004. None of the six issues she raises requires reversal.

First, we are not persuaded that the ALJ failed to properly consider Moore's borderline intellectual functioning. The only medical evidence of such an impairment was a diagnosis by Dr. William Spindell, an examining psychologist, who nonetheless opined that Moore had "the requisite cognitive skills to employ these [skills] in the labor market should her medical conditions permit." Thus, the ALJ did not err in declining to find Moore's borderline intellectual functioning to be a severe impairment. *See* 20 C.F.R. §§ 404.1521 & 416.921 (defining severe impairments as those that limit a claimant's "ability to do basic work activities"). The ALJ was also not required to assess in detail whether Moore's combined impairments met or medically equaled a listed impairment because she did not "present[] evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Finally, in regard to this first issue, the ALJ's failure to follow the Psychiatric Review Technique, *see* 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d), was harmless because Moore did not present

2

sufficient evidence to demonstrate a "colorable claim of mental impairment."

*Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011).

Second, by citing to the lack of medical evidence, Moore's daily activities, and inconsistencies in her statements, the ALJ provided the requisite specific findings for discounting her testimony concerning the severity of her symptoms. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Though Moore's testimony may be susceptible to more than one interpretation, the ALJ's credibility finding is "a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Third, the ALJ's residual functional capacity ("RFC") assessment was proper. Dr. Spindell's assessment of Moore's borderline intellectual functioning supports the conclusion that that condition did not impose any limitations on her RFC, while state-agency physicians found no manipulative limitations resulting from her carpal tunnel syndrome. The ALJ was not required to address limitations for which there was no record support. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In a similar vein, the ALJ was not required to include such limitations in his hypothetical questions to the Vocational Expert ("VE"). *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

3

Fourth, we cannot conclude that the ALJ improperly classified Moore's past relevant work as a "fast foods worker"—as opposed to "fast food cook"—because Moore herself testified that she "did all of it, the cashier, the cooking, the cleaning." The ALJ's reliance on the VE's characterization of Moore's own description of her past work was entirely appropriate.

Fifth, the ALJ did not fail to develop the record as to Moore's claimed illiteracy. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although a prior ALJ questioned Moore's reading level, we find no ambiguity or inadequacy on the present record. Moore previously reported that she could read and write in English, and that her past job duties involved writing and completing reports.

Sixth, we reject Moore's claim that the progressive nature of her coronary artery disease required the ALJ to infer an onset date pursuant to Social Security Ruling 83-20. Substantial evidence supports both the ALJ's determination that Moore became disabled on the date of her heart attack, and his determination that she retained the ability to perform her past work prior to that date.

**AFFIRMED.**