**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH P. CASTRO, | No .   16-15644 |
| Plaintiff -Appellant, | |
| v. | D.C. No. 1:14-cv-01434-JLT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted November 14, 2017[**]
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and SESSIONS[***], District

Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Joseph Castro is seeking disability insurance benefits and supplemental social security income on the basis of chronic back pain, a heart condition, and depression. An ALJ denied Mr. Castro benefits, and on judicial review the district court affirmed. We review the district court's order de novo, and the ALJ's decision for substantial evidence and legal error. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

At the administrative hearing, Mr. Castro offered the ALJ recent medical documentation from a treating physician. The ALJ agreed to accept the documentation, but failed to include it in the administrative record. The Commissioner concedes that the ALJ erred by failing to include the documents in the record. We will not reverse unless the error was harmful. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[W]e may not reverse an ALJ's decision on account of an error that is harmless."). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Mr. Castro testified about his recent medical care, and the ALJ considered that testimony in his written decision. Furthermore, aside from a diagnosis of depression, the recent medical documentation was largely consistent with the rest of the administrative record, including the hearing testimony. With respect to Mr.

2

Castro's depression, the medical notes suggested diminished concentration, energy, and interest generally, without comment about the extent or severity of those issues. The diagnosis therefore did not undermine the findings of a state agency psychologist who, after conducting a full examination, found no work-related limitations stemming from psychological issues. We therefore conclude that the ALJ's failure to incorporate the recent medical documentation into the administrative record was harmless.

Mr. Castro represented to the ALJ that, including the recent medical documentation, the record was complete. The ALJ had no duty to further develop the record.

Finally, substantial evidence supported the ALJ's determination that Mr. Castro's depression was not a severe impairment. An impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). As discussed above, there was little in the written documentation to support a finding that depression impaired his ability to perform basic work activities. Moreover, Mr. Castro did not mention depression or other mental health impediments in his testimony about his own symptoms.

**AFFIRMED.**