Lisa L. RIOS, Plaintiff-Appellant,

v.

Nancy A. BERRYHILL, Acting
Commissioner Social Security,
Defendant-Appellee.

No. 15-35627

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

John Edward Seidlitz, Jr., Attorney, Seidlitz Law Office, Great Falls, MT, for Plaintiff-Appellant

Michael W. Cotter, U.S. Attorney, United States Attorney's Office, District of Montana, Billings, MT, Thomas M. Elsberry, Esquire, Special Assistant U.S. Attorney, SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, Leif Johnson, Assistant U.S. Attorney, Office of the US Attorney, Billings, MT, for Defendant-Appellee

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

## MEMORANDUM **

Lisa Rios appeals the district court's decision affirming the Commissioner of Social Security's denial of Rios's application for supplemental security income under Title XVI of the Social Security Act. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin,* 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Rios's credibility regarding the debilitating effects of her symptoms: (1) the objective medical evidence did not support Rios's allegations; (2) there were inconsistencies between Rios's subjective complaints and her activities of daily living; (3) the treatment records did not reflect significant complaints; and (4) Rios had a poor work history prior to the alleged onset date. *See Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012) (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms); *Brown-Hunter v. Colvin,* 806 F.3d 487 (9th Cir. 2015) (holding that ALJ must support her reasoning in rejecting subjective testimony with sufficient specificity so that the reviewing court can conduct a meaningful review).

The Commissioner's determination at Step Two in the sequential evaluation process is supported by substantial evidence. *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005). The ALJ reasonably found that Rios's depression was not a severe impairment because: (1) the objective evidence showed little-to-no treatment, no outpatient care, and no psychiatric hospitalizations; (2) mini-mental status evaluations in connection with medical visits for physical issues routinely noted no psychological abnormalities; (3) she self-reported "mild" depressive symptoms and a fairly-wide range of daily activities; and (4) the record

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

supports no more than mild limitations in daily activities, social functioning, or concentration/persistence/pace due to any mental condition. The ALJ had no duty to develop the record because the administrative record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of Rios's depression. *Mayes v. Massanari,* 276 F.3d 453, 459-460 (9th Cir. 2001).

At Step Three, the ALJ properly found that Rios does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999). Rios's conclusory argument does not suffice to establish that her impairments meet or equal Listing 3.02A. Contrary to Rios's assertion, the ALJ specifically stated that she considered Rios's obesity collectively with her COPD symptoms.

The ALJ did not err in evaluating the medical evidence. Although Rios generally requests a more favorable interpretation of the medical evidence, Rios provides no explanation or argument and instead merely selectively summarizes the medical records. The ALJ's interpretation is a rational reading of the record, and the Court will not substitute its judgment for that of the Commissioner. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ included in the residual functional capacity ("RFC") assessment all the functional limitations that were supported by, and consistent with, substantial record evidence. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ based the Step 5 finding on the RFC for sedentary work that was supported by the medical evidence that the ALJ credited. *See*

*Magallanes v. Bowen,* 881 F.2d 747, 756–57 (9th Cir. 1989) (explaining that the limitations included in the hypothetical propounded to a vocational expert need only be supported by substantial record evidence).

**AFFIRMED.**