NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH MARCOS DURAN,

        Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   17-15786

No. 1:16-cv-00347-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding

Submitted May 29, 2018[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Joseph Duran appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Duran's application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order de novo and the agency's decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We affirm.

Duran's omission of evidence indicating that he had limitations stemming from asthma or back pain does not demonstrate that the ALJ neglected his duty to fully and fairly develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (claimant bears the burden of proving disability; "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

The ALJ properly provided specific and legitimate reasons for discounting the contradicted opinions of Duran's treating psychiatrist and examining psychologist. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." (citation and internal quotation marks omitted)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (ALJ may reject a treating physician's opinion that is "brief, conclusory, and inadequately supported by clinical findings" (citation and internal quotation marks omitted)); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) (ALJ "may reject a treating physician's opinion if it is based to a large extent on a

2

claimant's self-reports that have been properly discounted" (citation and internal quotation marks omitted)); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003) (ALJ may consider the "duration of the treatment relationship and the frequency and nature of contact" between the doctor and claimant).

The ALJ properly provided specific, clear, and convincing reasons for discounting Duran's testimony concerning his symptoms and limitations. *See Trevizo*, 871 F.3d at 678 ("the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons"); *see also Molina*, 674 F.3d at 1112 (ALJ may consider factors such as "inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct"); *Bray*, 554 F.3d at 1227 (ALJ may consider, as one factor among others, lack of objective medical evidence to corroborate the claimant's allegations); *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (ALJ may rely on a claimaint's "unexplained, or inadequately explained, failure to seek treatment" (citation and internal quotation marks omitted)); *Warre*, 439 F.3d at 1006.

The ALJ did not err in assigning little weight to the lay witness testimony of Duran's mother, Catalina Bautista. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218

3

(9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses."; inconsistency with evidence is the record is one such reason); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (where "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and . . . [the claimant's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony");

Duran has not identified specific evidence in the record that the ALJ improperly failed to consider in formulating Duran's residual functional capacity ("RFC"), or shown how the ALJ's Step Five findings lack substantial evidentiary support. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (when evidence is "susceptible to more than one rational interpretation, the ALJ's decision should be upheld" (citation and internal quotation marks omitted)); *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (ALJ need not include in the hypothetical to the vocational expert impairments that are not supported by substantial evidence).

**AFFIRMED.**