NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY W. DINSMORE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>Defendant-Appellee. | No.    16-35902<br><br>D.C. No. 2:15-cv-01129-MJP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted June 19, 2018**

Before:    LEAVY, TROTT and SILVERMAN, Circuit Judges.

Larry Dinsmore appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for social security

disability benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ properly gave significant weight to Dr. Koukol's opinion and reasonably found that the overall record and Dinsmore's activities and testimony support his opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that state agency physicians' determination was consistent with other evidence in the record, and constitutes substantial evidence supporting the ALJ's conclusion of non-disability).

Dinsmore summarizes other medical records, but he does not identify any error. Accordingly, this Court need not address this undeveloped argument. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Dinsmore's testimony regarding the debilitating effects of his symptoms: (1) his allegations are not consistent with the medical record; and (2) Dinsmore's testimony regarding sleep apnea is inconsistent with the reports that he made to medical providers regarding his sleep apnea and fatigue. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004) (noting that medical records inconsistent with a claimant's allegations are a permissible reason to find claimant not credible); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (holding that inconsistent statements by a claimant

16-35902

provide a specific, clear and convincing reason to discount his credibility).

Any error in the ALJ's failure to discuss caseworker Cory Ingersoll's note was harmless because Dinsmore does not identify any functional limitations in Ingersoll's note that the ALJ failed to incorporate into the RFC.

Because the record was neither ambiguous nor inadequate based on the relevant record, the ALJ did not err in failing to develop the record with a psychological consultative evaluation or memory testing. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

**AFFIRMED.**