NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANNA BAGDASARYAN,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    18-15774

D.C. No. 2:16-cv-02319-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted December 6, 2019[**]
San Francisco, California

Before:  GOULD and CALLAHAN, Circuit Judges, and BOUGH,[***] District
Judge.

Anna Bagdasaryan appeals the district court's decision affirming of the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act (Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

Substantial evidence supports the ALJ's Step Two determination that Bagdasaryan's fibromyalgia was nonsevere. The ALJ reasonably concluded from the record that this condition was well-controlled with medication and did not require specialist care. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The ALJ's findings will be upheld 'if supported by inferences reasonably drawn from the record.'" (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004))). Although Bagdasaryan challenges the ALJ's Step Two determination that her migraine headaches and back pain were nonsevere, she presents no argument as to these physical impairments. *See Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to consider issue not "specifically and distinctly argued" in the opening brief (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003))).

The ALJ provided specific and legitimate reasons to reject treating physician Michael Bass's opinion on Bagdasaryan's physical functioning as unsupported by the record and inconsistent with the conservative treatment Dr. Bass prescribed. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (in evaluating medical opinions, ALJ must consider supportability and consistency with the record).

Bagdasaryan's contentions that she could not afford specialist care and that the ALJ had a duty to develop the record by ordering a consultative examination with a rheumatologist are unpersuasive. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (claimant has the burden to prove disability, and ALJ's duty to develop the record triggered only when the evidence is ambiguous or inadequate to allow for proper evaluation).

The ALJ provided specific and legitimate reasons to reject Dr. Bass's opinions, Dr. Janet Phillips's opinion, and a portion of Dr. Jaine Foster-Valdez's opinion on Bagdasaryan's mental functioning as unsupported by the record and inconsistent with Bagdasaryan's conservative treatment. *See Trevizo*, 871 F.3d at 675. Substantial evidence supports the ALJ's finding that Bagdasaryan never sought treatment from a therapist and Dr. Bass did not refer her to a mental health specialist. *See Tommasetti*, 533 F.3d at 1038.

Bagdasarayan contends the ALJ erred and violated due process by not allowing her non-attorney representative, Lois Babcock, to testify and by giving little weight to Babcock's third-party function report. Because Bagdasaryan failed to raise this challenge before the district court, the issue is waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Bagdasaryan's assertion that review is necessary to avoid manifest injustice is unpersuasive.

**AFFIRMED**.

18-15774