**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUADALUPE JAVALERA, | No.    18-35754 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01495-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted March 6, 2020[**]

Before:   FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Guadalupe Javalera appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  This court reviews the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's order sustaining the denial of benefits de novo. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This court may set aside the ALJ's denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The Administrative Law Judge ("ALJ") properly considered the opinion of treating physician Dr. Mark Wagner, and did not err in not specifically discussing an August 2015 examination note. In the examination note, Dr. Wagner reviewed four proposed jobs in connection with Javalera's state workers compensation claim, and disapproved the night janitor and general salesman positions without comment, disapproved the cashier position because Javalera would "be in the same position for prolonged periods of time," and approved the sales attendant-light duty position with a recommendation for vocational retraining. First, none of the jobs that Dr. Wagner disapproved – night janitor, general salesman, and cashier – were ever performed by Javalera. Second, Dr. Wagner's impressions of a cashier position does not reflect his medical opinion about the nature and severity of Javalera's impairments. Dr. Wagner did not assess any functional limitations, such as how long Javalera could work in one position. In addition, there is no indication in the record that the cashier job was similar to Javalera's past relevant work as a sales representative and travel agent. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (holding that the ALJ did not err by not providing

reasons to reject a physician's report when the report contained no functional limitations). Finally, Dr. Wagner's conclusion that Javalera did not appear capable of performing the cashier job was a vocational conclusion that was outside his area of expertise. *McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2010) (noting that a treating physician ordinarily does not have the expertise of a vocational expert).

The ALJ did not err in her overall consideration of Dr. Wagner's opinion. The ALJ considered Dr. Wagner's treatment notes and discussed a number of his many examination findings in the ALJ decision. Accordingly, the ALJ met her obligation to consider all of the relevant medical opinion evidence in the record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Javalera's contention that the ALJ was required to further develop the record is without merit. There was no apparent ambiguity in the medical evidence, the record was adequate to allow for proper evaluation of Dr. Wagner's opinion, and the ALJ was under no obligation to further develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The ALJ provided specific, clear and convincing reasons for discounting Javalera's testimony. First, the ALJ reasonably discounted Javalera's testimony of debilitating pain as inconsistent with activities of her daily living where Javalera was increasing her exercise after the onset of disability date and traveling independently. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (claimant's

daily activities were inconsistent with claimed disability); *Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008) (the ALJ properly inferred from claimant's ability to travel that claimant was not as limited as purported). Second, the ALJ reasonably concluded that the medical record did not support Javalera's claimed limitations. The ALJ pointed to record evidence that showed mostly unremarkable findings such as improved range of motion, normal shoulder strength, and normal sensory and motor functioning that did not substantiate Javalera's claims of disabling neck and shoulder problems. Accordingly, the ALJ reasonably found that the objective medical evidence failed to support Javalera's allegations of disability based on her alleged impairments. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

**AFFIRMED.**