NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANIE MARIE THOMPSON,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant-Appellee. | No.  17-35913<br><br>D.C. No. 2:16-cv-00166-SAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted March 6, 2020**

Before:     GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Jeanie Marie Thompson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Thompson's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Molina v.*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The Administrative Law Judge ("ALJ") did not err in assigning significant weight to the opinion of treating physician Dr. Pontecorvo. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating physician's] report because the ALJ did not reject any of [the physician's] conclusions"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.").

The ALJ's interpretation of treating physician Dr. Hume's treatment notes was reasonable. *See Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Although the ALJ erred by indicating that Dr. Forsyth assessed no restriction, rather than mild restriction, of activities of daily living, the error was harmless. *See id.* at 1115 (error that is inconsequential to the ultimate nondisability determination is harmless); *see also* 20 C.F.R. § 404.1520a(d)(1) (a mental health impairment that causes no or mild limitation generally is not severe).

The ALJ provided clear and convincing reasons for rejecting the evaluation of treating psychiatrist Dr. Schmauch. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (standard for rejecting the opinion of a treating physician; "an

ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings"). Thompson's contention that the ALJ had a duty to develop the record on this issue is unpersuasive. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). We reject Thompson's argument that the ALJ erred by not expressly discussing the Global Assessment of Functioning score or the Beck Depression Inventory noted by Dr. Schmauch. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (an ALJ need not explicitly discuss evidence that is not significant or probative).

Thompson did not raise before the district court her contention that the ALJ erred by not including Step Two findings in the RFC or in hypotheticals to the vocational expert, and therefore has waived this argument. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (we generally will not consider an issue raised for the first time on appeal).

**AFFIRMED**.