**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID EARL FARNSWORTH, | No. 21-35088 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-03083-MKD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before: SILER,** S.R. THOMAS, and CALLAHAN, Circuit Judges.

David Farnsworth appeals the district court's decision affirming the

Commissioner of Social Security's denial of Farnsworth's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Social Security Act. We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a district court's order affirming an administrative law judge's ("ALJ") denial of social security benefits de novo, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and reverse if the ALJ's decision lacks support from substantial evidence in the record or relies on the application of an incorrect legal standard, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014). "Substantial evidence" refers to "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion," which equates to "more than a mere scintilla[,] but less than a preponderance." *Hill*, 693 F.3d at 1159 (citation and internal quotation marks omitted).

An ALJ must evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(c). Greater weight is generally given to the opinions of treating or examining physicians than to those of consulting physicians. *See id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ gave little weight to the medical opinions provided by Farnsworth's treating physician, treating psychologist, and two examining psychologists in favor of an opinion provided by a non-examining consulting physician who testified at the hearing. The ALJ did not provide specific and legitimate reasons for rejecting the opinions as to how much time Farnsworth would be off task in a work environment, and substantial evidence does not support the ALJ's conclusion in this regard.

In reaching his conclusion as to off-task work, the ALJ relied on the testimony of the consulting physician. However, treating psychologist Teal opined that Farnsworth would be off task 21-30% of the time and would miss 2 days of work a month. Treating physician Miller stated that Farnsworth would likely miss 4 or more days of work a month. Examining psychologist Weiss opined that Farnsworth would have "severe" difficulty maintaining attendance or completing a normal workday. And examining psychologist Marks assessed limitations similar to those identified by Weiss.

The significance of these opinions was demonstrated by the vocational expert, who testified at the hearing that a 10% off-task rate is "kind of the cutoff point," such that someone who is off task 10% of the time or more "is not likely to maintain employment" of any kind—and, thus, would qualify for benefits.

3

The ALJ rejected these opinions by simply stating that the consulting physician disagreed with them. In fact, the consulting physician stated that he could not provide a figure as to the amount of time Farnsworth would be off task in a work environment.

Further, while the ALJ explicitly referenced and gave "little weight" to psychologist Teal's projected off-task rate of "21-30%," the ALJ provided no specific explanation for why it credited this portion of the consulting physician's opinion more strongly than Teal's, or for how much lower than 21% it assumed the off-task rate to be. Only by implication did the ALJ determine that Farnsworth's off-task rate would be less than 10%. There is no record support for this conclusion.

At most, the evidence on this issue is ambiguous, and "[a]n ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

In short, the ALJ's conclusion that the off-task rate would be less than 10% is not supported by substantial evidence, and the ALJ erred in rejecting the contrary opinions of the treating and examining medical providers. Because this error was not harmless, we must reverse the judgment of the district court and

remand with instructions to further remand this case to the Commissioner for

reconsideration.  We express no views as to any other issue urged by the parties.


**REVERSED AND REMANDED.**