**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JASON DAVID HUTTON, | No. 11-15726 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05388-CRB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and RESTANI, Judge.**

Hutton appeals the decision of the district court affirming the determination

of the administrative law judge ("ALJ") denying Hutton's application for a period

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

of disability and disability insurance benefits. The ALJ committed legal error by failing to consider appropriately relevant lay testimony and in failing to include Hutton's post-traumatic stress disorder ("PTSD") in his assessment of Hutton's residual functional capacity ("RFC") analysis at Step Four and in his hypotheticals to the vocational expert at Step Five.

The ALJ first considered Hutton's PTSD at Step Two of the disability analysis. There, he evaluated the limitations that Hutton's PTSD generated via the four functional areas outlined in 20 C.F.R. § 404.1520a(c)(3) (i.e. activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation). Based on Dr. Gregg's opinion, the ALJ found Hutton suffered no limitation with respect to daily activities or social functioning, "mild" limitations in the area of concentration, persistence, or pace, and no episodes of decompensation. Thus, he determined that Hutton's PTSD existed but was "nonsevere."

Regardless of its severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC. See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]'"). The ALJ, however, failed to do so. Instead,

2

the ALJ discredited Hutton, his treating physicians' opinions, and the VA's disability rating. We do not base our action, however, on any of these determinations by the ALJ. Importantly, the ALJ then mischaracterized Mrs. Hutton's testimony at least five times. Finally, the ALJ concluded that, based on Hutton's lack of credibility, his PTSD claims were in "great doubt." On that basis, the ALJ excluded Hutton's PTSD from consideration. This exclusion was legal error. To determine Hutton's RFC properly, the ALJ was required to consider Hutton's physical impairments and the "mild" limitations his PTSD caused with concentration, persistence, or pace, regardless of whether the ALJ doubted that they were caused by Hutton's ever-shifting military history. See 20 C.F.R. § 404.1545(a)(2). Further, while the ALJ was free to reject Hutton's testimony as not credible, there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere PTSD caused some "mild" limitations in the areas of concentration, persistence, or pace.

The ALJ further erred by failing to address appropriately the lay testimony presented by Hutton's wife and his counselor. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

In this case, however, the ALJ purported to credit the testimony of Hutton's wife while repeatedly mischaracterizing her testimony. In describing the statement from Hutton's wife, the ALJ noted that it "says nothing about any problems with PTSD – no hypervigilance, sleep problems, or nightmares – not a word about any of these . . . ." By contrast, Mrs. Hutton stated that "[d]ue to PTSD from military experience he has night terrors, doesn't sleep well."

Additionally, the ALJ's decision failed to refer to the testimony of Hutton's college counselor, Mr. Frank. Mr. Frank detailed an incident in which Mr. Hutton had difficulty in class due to an emotional reaction brought on by memories of his military service, forcing his withdrawal from people and class. He also indicated that due to "both [Hutton's] physical and emotional pain," Hutton's completion of his education has been a "monumental task." Again, while an ALJ may discredit testimony where it is inconsistent with the record, he must do so by providing specific reasons germane to each witness.

Accordingly, the decision of the district court is **REVERSED**, the determination of the ALJ is **VACATED**, and the case is **REMANDED** for the ALJ to reconsider his determination in accordance with this decision.

Each party shall bear its own costs.

4