NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILDA VANETTE ALEXANDER, | No. 23-55213 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-01064-KES |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Submitted February 9, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Claimant Hilda Vanette Alexander appeals from the district court's ruling affirming the Commissioner of Social Security's denial of her applications for benefits. We review the district court's order de novo and reverse only if the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. ***Residual Functional Capacity (RFC) Determination.*** Relying primarily on *Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012) (unpublished), Alexander contends that the ALJ erred by failing to include a functional restriction related to her mild mental limitation in his RFC determination. We, however, rejected essentially the same argument in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), because the claimant identified no specific "evidence that the ALJ failed to consider or explain." *Id.* at 794. Similarly, Alexander does not identify any evidence that the ALJ did not consider or explain how the record does not support the ALJ's RFC finding. The other evidence that Alexander cites—that she was anxious in group therapy and struggled managing her stress—does not undermine the ALJ's decision not to include mental work restrictions in the RFC. *See id.*

2. ***Evaluation of Medical Evidence.*** Alexander argues that the ALJ erred by giving little weight to her physical therapist Jocelyn Washington's opinion, which was co-signed by Lesley Po, M.D. The ALJ considered Washington's opinion but found that the record evidence did not support Washington's "restrictive limitations" and noted contrary evidence in the record—the opinions of other medical sources, other medical records that showed Alexander's symptoms improved with physical

therapy and surgery, and Alexander's own acknowledgement of improvement in 2015. *See* 20 C.F.R. § 404.1527(e)(2) (ALJ must explain the weight afforded a medical opinion for disability claims filed before March 27, 2017). We are not persuaded by Alexander's argument that the ALJ should have afforded more weight to Washington's opinion as a treating source's opinion because there is no evidence that Washington provided ongoing physical therapy treatment. *See Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022). Accordingly, based on the record, we conclude that the ALJ provided "specific and legitimate reasons" for discounting Washington's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); 20 C.F.R. § 404.1527(c)(3), (4) (a medical opinion is judged by its support and consistency with the other record evidence).

3.      ***Development of the Record.*** The claimant bears the burden of proving disability and providing evidence to satisfy her burden. *See Ford*, 950 F.3d at 1148; *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ, nonetheless, has a burden to develop the record where the evidence is ambiguous "or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Alexander argues that the ALJ did not take reasonable steps to develop the record; specifically, that the ALJ failed to get records from Dr. Po and Washington, which were Alexander's most recent treatment records.

We conclude that the record here was adequate to allow for proper evaluation

of the evidence. *See id.* Other evidence presented was sufficient to establish that Alexander's back pain was not disabling. Specifically, the ALJ considered Alexander's treatment records that showed lower back pain and hamstring pain in 2014, 2015, and 2016. And the ALJ recognized that the state agency consultants' 2014 assessments were based on the evidence available at the time of those assessments, and then considered the assessments against the "evidence as a whole," which included evidence of Alexander's spinal impairments.

Moreover, the ALJ made multiple attempts to obtain records from Dr. Po's clinic, which were unsuccessful because the facility, which had closed, did not respond to faxes, and mailed requests were returned as undeliverable. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (An "ALJ may discharge this duty [to develop the record] in several ways, including . . . submitting questions to the claimant's physician[]."). Accordingly, the ALJ's duty to develop the record likely was not triggered here, and even if it was, the ALJ took reasonable steps to obtain information from Dr. Po's clinic.

**AFFIRMED.**

4